[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15923

_____

D.C. Docket No. 1:09-cr-20533-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS QUIÑONES BARCELO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 24, 2013)

Before MARTIN, JORDAN and SUHRHEINRICH,[*] Circuit Judges.

PER CURIAM:

Luis Quiñones Barcelo appeals the imposition of an 18-month sentence upon

revocation of his supervised release, to run consecutive to the 93-month sentence

_____

[*] Honorable Richard F. Suhrheinrich, United States Circuit Judge for the Sixth Circuit, sitting by
designation.

he received on account of the crime he committed that resulted in the revocation of his supervised release.  After careful consideration of the record and having the benefit of oral argument, we affirm.

In January 2010, Quiñones Barcelo was sentenced to 18-months imprisonment and 3 years of supervised release after pleading guilty to manufacturing and distributing marijuana.  After he served his prison term, and while he was on supervised release, Quiñones Barcelo was arrested for his participation in a failed armed home invasion.  He pleaded guilty to two offenses relating to the home invasion and was sentenced to 93-months imprisonment.

Because Quiñones Barcelo's crime violated several conditions of his supervised release, the Probation Office initiated revocation proceedings.  At his sentencing for the violation of his supervised release, Quiñones Barcelo acknowledged several of the violations and asked for a sentence that would be served concurrently, rather than consecutively, to the 93-month sentence imposed for his involvement in the failed home invasion.  In support of leniency, he argued that he was a lesser participant in the underlying home invasion; that the sentence imposed for that crime was already "very lengthy" at least in part because he was on supervised release at the time of the offense; and that he had been working diligently to better himself during his supervised release.

2

Despite these arguments, the court imposed an 18-month sentence for Quiñones Barcelo's violation of his supervised release, which was at the top of the advisory range. The court also set this sentence to run consecutive to the 93-month sentence Quiñones Barcelo received for the failed home invasion.

The only issue in this appeal is whether Quiñones Barcelo's 18-month consecutive sentence was appropriate in light of the identity of factors considered by the district court in imposing both his home invasion and revocation sentences. This Court reviews sentences imposed upon revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106–07 (11th Cir. 2006). We consider both procedural and substantive reasonableness, reviewed under an abuse of discretion standard.[1] United States v. Ellisor, 522 F.3d 1255, 1273 n.25 (11th Cir. 2008). The party challenging the sentence bears the burden of showing it is unreasonable in light of both the record and the factors set forth in 18 U.S.C. § 3553(a). United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Quiñones Barcelo's primary argument is that his revocation sentence was substantively unreasonable because each sentence was based on overlapping considerations, amounting to a "double counting" of the sentence he should serve. However, the Sentencing Guidelines clearly condone this double counting. Indeed,

---

[1] We assume without deciding that Barcelo's objection before the district court was sufficient to warrant application of the abuse of discretion standard rather than the plain error standard normally applied when an objection is inadequate. See United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003).

3

the Guidelines provide that revocation terms "shall be ordered to be served consecutively . . . whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation." United States Sentencing Guidelines § 7B1.3(f) (Nov. 2012).

We recognize, of course, that the preference for consecutive sentences is qualified. As Quiñones Barcelo correctly points out, courts are required to consider the § 3553(a) factors in determining whether a deviation from the consecutive sentencing mandate is warranted. United States v. Ballard, 6 F.3d 1502, 1505–06 (11th Cir. 1993). In this regard, Quiñones Barcelo raises two objections to the district court's treatment of the § 3553(a) factors: (1) that the district court failed to explain its reasoning for imposing the consecutive sentence; and (2) that it misapplied the sentencing factors.

So long as the record demonstrates the court's consideration of relevant factors, the court need not expressly consider or discuss each factor. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). On this record we cannot conclude that the district court abused its discretion in ordering the 18-month consecutive sentence. Nothing in the record indicates that the district court failed to consider the § 3553(a) factors, nor does Quiñones Barcelo carry his burden to establish that the district court misapplied the factors. Further, Quiñones Barcelo's sentence was

4

within the applicable Guideline range, which also supports its reasonableness.  See

United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).

Quiñones Barcelo's brief contains only passing references to the procedural

reasonableness of his sentence.  Because he did not "plainly and prominently"

present his procedural arguments on appeal, we consider them abandoned.  United

States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

For these reasons, we **AFFIRM** the sentence imposed by the district court.